**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NARESH AGRAWAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BJ'S WHOLESALE CLUB HOLDINGS, INC., et al.,<br><br>Defendants. | Civil Action No. 24-9887 (MAS) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge.**

**THIS MATTER** comes before the Court upon a Motion by Defendant Jayanita Exports Private Limited ("Jayanita") for Leave to Amend its Answer to Plaintiffs' First Amended Complaint ("FAC") to add affirmative defenses of lack of subject-matter jurisdiction, lack of personal jurisdiction, and improper venue (the "Motion"). (Doc. No. 57). Plaintiffs Naresh Agrawal and Nidhi Agrawal (collectively, "Plaintiffs") do not oppose the Motion but reserve the right to oppose any future motion regarding the merits of the defenses. (Doc. No. 58). Defendant BJ's Wholesale Club, Inc., improperly pled as BJ's Wholesale Club Holdings, Inc., ("BJ's") opposes the Motion, in which Defendant India House Brass, Inc. ("IHB") joins. (Doc. Nos. 59, 60).

The Court has fully considered the parties' written submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below and good cause shown, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

On August 14, 2024, Plaintiffs initiated this action in the Superior Court of New Jersey, arising out of injuries sustained by Mr. Agrawal while using a tiki torch purchased from BJ's. (*See* Doc. No. 1 at ¶ 10). While proceeding in the Superior Court of New Jersey, on October 15, 2024, Plaintiffs filed a First Amended Complaint. (Doc. No. 1-5). On that same date, Plaintiffs responded to BJ's Request for Admission admitting that the sought-after damages exceed $75,000. (Doc. No. 1-7). On October 17, 2024, BJ's removed the action to this Court, asserting that this Court exercised diversity jurisdiction. (*See* Doc. No. 1). In removing the action, BJ's represented that "all properly joined and served Defendants both consent to and join in the instant removal." (Doc. No. 1 at ¶ 25). At the time of removal, Jayanita had not yet been served. (Doc. No. 1 at ¶¶ 7, 20).

Thereafter, on October 22, 2024, BJ's filed its Answer to the First Amended Complaint, Affirmative Defenses, and Cross-Claim for Contribution and Indemnification. (Doc. No. 6). On October 24, 2024, IHB filed its Answer, Affirmative Defenses, and Crossclaims for Contribution and Common Law Indemnification. (Doc. No. 8). On February 4, 2025, following an initial scheduling

conference, the Court entered a Pretrial Scheduling Order, directing the appearing parties to proceed with discovery and noting that the Court would set discovery deadlines pending service and appearance of Jayanita. (*See* Doc. No. 36).

On or about February 6, 2025, Plaintiffs served Jayanita in the Republic of India pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). (*See* Doc. No. 57-1 at ¶ 9). On April 2, 2025, Jayanita filed its Answer to the First Amended Complaint, with Affirmative Defenses, Answer to Crossclaims, and Crossclaims for Contribution and Indemnification.[1] (*See* Doc. No. 37). Discovery thereafter ensued. (*See* Doc. No. 56 (Order approving parties' proposed discovery schedule)). Such discovery included requests by Plaintiffs to Jayanita as to its relationships with other entities, including Jayanita Exports USA LLC, Jayanita (Partnership Firm), and Jayanita UK LTD. (*See* Doc. No. 57-7).

Notably, on August 13, 2025, BJ's, IHB, Plaintiffs, and Jayanita filed a joint status report to the Court. (Doc. No. 44). BJ's and IHB raised certain issues as to discovery and asserted that, pursuant to N.J.S.A. 2A:58C-9, any strict products liability claims

---

[1] Notably, Jayanita included a "Reservation of Rights," stating that it reserved "the right to seek leave to amend its Answer and/or Cross-Claim and/or raise additional defenses as may be discovered during the course of this litigation[] . . . ." (Doc. No. 37 at p. 8). Courts have found that the inclusion of a "reservation of rights" does not relieve a party from complying with Rule 15 of the Federal Rules of Civil Procedure. *See, e.g.*, *2109971 Ontario Inc. v. Best Deals Discount Furniture LLC*, No. 22-3557, 2023 WL 3072756, at *8 (D.N.J. Apr. 25, 2023) (listing cases).

should be dismissed against them, notwithstanding the statutory exception for such relief in the event the manufacturer—here, Jayanita—is not present in the United States. (Doc. No. 44 at p. 2). BJ's pointed out that Jayanita filed an answer and identified "Jayanita Exports USA LLC" (with a South Carolina address) as an insured under a certain insurance policy. (Doc. No. 44 at p. 2). Similarly, IHB represented that Jayanita "has filed an Answer, answered interrogatories, and produced a copy of the insurance policy pursuant to which AIG is providing it with a defense." (Doc. No. 44 at p. 4). In response to BJ's and IHB's informal arguments that they should be dismissed from this lawsuit pursuant to applicable New Jersey products liability laws, Plaintiffs stated that Jayanita "does not have a presence in the United States" and that they awaited Jayanita's responses to supplemental interrogatories. (Doc. No. 44 at p. 5). While Jayanita's counsel signed onto the joint status report, Jayanita offered no position as to the issues raised. (*See* Doc. No. 44). Thereafter, the Court held an in-person case management conference, for which Jayanita's counsel appeared, to address the sufficiency of Plaintiffs' discovery responses. (*See* Doc. No. 53 and ECF Entry No. 54).

Jayanita now moves to amend its Answer to the First Amended Complaint to assert three additional affirmative defenses. (Doc. No. 57). It seeks to assert affirmative defenses to Plaintiffs' claims that the Court lacks both personal and subject matter jurisdiction and that venue is improper. (*See* Doc. Nos. 57-8 and 64 at p. 7). Counsel for Jayanita certifies that discovery to date reveals that "no Jayanita entity" had "anything to do with designing, manufacturing, packaging and delivering the subject

'tiki torch' doing business in the United States." (Doc. No. 57-1 at ¶ 16). Jayanita argues that good cause exists to permit the proposed amendments because the affirmative defenses were excluded in the original Answer due to "oversight and inadvertence" and the amendments would not unduly prejudice the parties. (*See* Doc. No. 57-2 at pp. 4-5).

Plaintiffs do not oppose the Motion but maintain that jurisdiction exists and state that they will oppose any future motion to dismiss premised on a lack of jurisdiction. (*See* Doc. No. 58).

Nevertheless, BJ's opposes the Motion, arguing that the proposed affirmative defenses are futile and contending that Jayanita's Motion has delayed discovery. (*See generally* Doc. No. 59). BJ's takes issue with Jayanita's cancellation of seven scheduled depositions, which it characterizes as prejudicial to the parties. (Doc. No. 59 at p. 2). BJ's also contends that the allegations set forth in the Notice of Removal establish diversity jurisdiction. (Doc. No. 59 at p. 2). It separately argues that Jayanita waived any personal jurisdictional defense by failing to assert the defense in its original Answer and that it should be deemed to have consented to personal jurisdiction through its participation in discovery. (Doc. No. 59 at p. 2). IHB joins BJ's opposition. (Doc. No. 60).

In reply, Jayanita emphasizes that it seeks leave to plead jurisdictional defenses to preserve the right to raise them as discovery progresses and does not ask the Court to determine their merits at this stage. (*See* Doc. No. 61). Jayanita denies that

amendment would prejudice the other parties and disputes that it waived or consented to personal jurisdiction. (Doc. No. 61 at p. 2). It specifically argues that the jurisdictional defenses were unavailable when it answered because previously unknown facts concerning its involvement with the product at issue, its forum contacts, and the corporate structure and distribution chain have since come to light. (Doc. No. 61 at pp. 2-3).

## II. LEGAL STANDARD

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) the amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463,

468 (D.N.J. 1990) (internal quotation marks and citations omitted). In considering futility on a motion for leave to amend to add an affirmative defense, the Court considers the proposed affirmative defenses through the standard for a motion to strike set forth in Rule 12(f) of the Federal Rules of Civil Procedure. *See Bello v. United Pan Am Fin. Corp.*, No. 19-9118, 2022 WL 17324441, at *7 (D.N.J. Nov. 29, 2022). Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, an affirmative defense "need not contain the detailed factual allegations that a claim or a defense must." *Bello*, 2022 WL 17324441, at *7; *see also* Fed. R. Civ. P. 8(c); *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93 (D.N.J. 2014). Accordingly, a court will find a proposed affirmative defense to be futile only if it "is not recognized as a defense to the cause of action[]" or if it "could not possibly prevent recovery under any pleaded or inferable set of facts." *Bello*, 2022 WL 17324441, at *7 (quoting *Newborn Bros.*, 299 F.R.D. at 93, and *Santander Bank, N.A. v. Friedman, Schuman, Applebaum, Nemeroff & McCaffery, P.C.*, No. 14-413, 2014 WL 1621792, at *2 (D.N.J. Apr. 17, 2014)). Ultimately, whether to grant leave to amend rests within the Court's sound discretion. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## III. DISCUSSION

BJ's principally opposes the amendments as futile. It argues that subject matter jurisdiction has already been established and that Jayanita has waived its personal jurisdiction or otherwise consented to personal jurisdiction. Although the proposed affirmative defenses are recognized defenses, that alone does not establish their availability to Jayanita. The question then is whether the proposed defenses are legally insufficient on the present record.

### A. SUBJECT MATTER JURISDICTION

As to Jayanita's request to assert an affirmative defense based on lack of subject matter jurisdiction, the Court finds such amendment would not be futile.

"Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Nevertheless, pursuant to Federal Rule of Civil Procedure 12(h), the Court must address any lack of subject matter jurisdiction when it becomes apparent. Fed. R. Civ. P. 12(h)(3). As a well-recognized defense that may be raised by a party or the Court at any stage of a litigation, Jayanita's proposed affirmative defense for lack of subject matter jurisdiction is not futile. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (internal citation omitted)).

BJ's reliance on its jurisdictional allegations in the Notice of Removal do not require a different result; those allegations do not establish that, at all stages of this litigation, the Court will maintain subject matter jurisdiction. Permitting Jayanita leave to amend to assert this defense does not establish that there is in fact any jurisdictional defect at this time. Rather, amendment confirms Jayanita's right to assert the unwaivable defense if necessary.

### B. Personal Jurisdiction and Venue

The Court next considers whether Jayanita's proposed affirmative defense of lack of personal jurisdiction is futile because it has waived that defense and/or consented to the personal jurisdiction of this Court. Although BJ's does not separately challenge the proposed improper venue defense, the Court also considers the legal sufficiency of that proposed defense in deciding whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2).

A party may waive defenses of lack of personal jurisdiction and improper venue. *See* Fed. R. Civ. P. 12(h)(1). Waiver arises if a party, in relevant part, fails to raise the defenses in either a motion brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or "in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B). The Third Circuit has explained that "[u]nless the defendant objects on those grounds at the outset, he forfeits his right later to raise them as a defense." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 721 (3d Cir. 1982) (adopting First Circuit's view that reasoned that an appellate court may enforce *sua sponte*

the waiver provisions of Rule 12 because, in part, "under Rule 12(g) & (h) the failure to raise the defense below was 'a fundamental and incurable matter'").

As to personal jurisdiction, "[t]he requirement that a court have personal jurisdiction flows . . . from the Due Process Clause[,]" and thus represents an individual right that may be waived. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-03 (1982). Some courts have noted that: "[a]though Rule 15(a) . . . provides for amendments to pleadings by leave of the court and states that 'leave will be freely given when justice requires,' it follows from the language of Rule 12(h)(1) that this amendment procedure is not available to raise the personal jurisdiction defense." *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983) (citing Fed. R. Civ. P. 12(h)(1); *Konigsberg v. Shute*, 435 F.2d 551, 552 (3d Cir. 1970) (*per curiam*)); *accord* Notes of Adv. Comm. on Rules – 1966 Amendment, Note to Fed. R. Civ. P. 12(h) ("The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading. Since the language of the subdivisions is made clear, the party is put on fair notice of the effect of his actions and omissions and can guard himself against unintended waiver.").

Here, Jayanita waived both defenses by failing to raise them in a timely manner pursuant to Federal Rule of Civil Procedure 12(h)(1). Jayanita filed its Answer on April 2, 2025, but did not assert defenses of lack of personal jurisdiction or improper venue, although asserting eighteen affirmative defenses. (*See* Doc. No. 37). Jayanita's time to

amend as a matter of right pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure has lapsed, and Jayanita did not amend within that time period. *See* Fed. R. Civ. P. 15(a)(1). These omissions weigh in favor of finding a waiver under Federal Rule of Civil Procedure 12(h)(1)(B). *See, e.g.*, *Myers*, 695 F.2d at 720 (recognizing that "[i]f a party files a pre-answer motion but fails to raise one of the defenses enumerated above, [including lack of personal jurisdiction and improper venue,] the party waives the omitted defense and cannot subsequently raise it in his answer or otherwise" (citation omitted)); *Gaucho Grp. Holdings, Inc. v. 3i LP*, No. 24-212, 2024 WL 4679236, at *2 (D. Del. Nov. 5, 2024) (finding waiver of lack of venue defense under Federal Rule of Civil Procedure 12(h)(1)(B) where the defendants answered the complaint and did not move to dismiss on that basis).

In addition, Jayanita has been actively litigating in this Court. Not only has it asserted crossclaims for contribution and indemnification, (*see* Doc. No. 37 at p. 7), it also actively engaged in written fact discovery. "Generally, a party who requests affirmative relief and rulings from a court is considered to have waived the personal jurisdiction defense." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 106 (3d Cir. 2019). The Third Circuit has recognized that "[b]ehavior that is consistent with waiver, and which indicates an intent to litigate the case on the merits, is sufficient to constitute waiver, regardless of whether the parties also express an intent to preserve the defense." *Id.* at 107 (citing, *inter alia*, *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 704-05). Here, Jayanita chose to actively litigate this matter by asserting crossclaims and engaging in discovery.

While it argues that the litigation is still in its early stages, Jayanita's conduct thus far has indicated an intent to litigate here.

In arguing that it has not waived its personal jurisdiction defense, Jayanita argues that previously unavailable facts have come to light through its written discovery responses concerning its contacts with the forum and corporate relationships. Some courts have found that a party cannot waive "a defense involving facts of which it was not, and could not have been expected to have been, aware." *Glater*, 712 F.2d at 738 (reading together subsections (g) and (h) of the Federal Rules of Civil Procedure). However, those situations arise where the defendant lacks information and knowledge sufficient to have notice of the defense. *See id.* (recognizing that the plaintiff asserted inaccurate allegations in her complaint that the defendant could not know were false and thus was unaware of a personal jurisdiction defense); *see also T.J. McDermott Transp. Co. v. Cummins, Inc.*, No. 14-4209, 2018 WL 355139, at *3-4 (D.N.J. Jan. 9, 2018) (finding waiver of personal jurisdiction defense under Federal Rule of Civil Procedure 12(g) where defendant was on notice that it had a personal jurisdiction defense that challenged the sufficiency of the allegations of the complaint).

Here, the facts relating to Jayanita's connection to the product at issue, its contacts with this forum, and its corporate structure appear to have been within its own possession, custody, and control at the outset of this litigation. Indeed, Jayanita had the opportunity and time to assess whether it could assert defenses of lack of personal jurisdiction and/or improper venue. Plaintiffs served Jayanita, an Indian entity, on

February 6, 2025 in India pursuant to the Hague Convention. Yet, Jayanita did not file its Answer until fifty-five days later, on April 2, 2025. While the parties appeared to have contested in discovery whether Jayanita had a "presence" in the United States for purposes of New Jersey products liability law (an issue not before the undersigned on this Motion), there was no apparent assertion before the Court that Jayanita would assert defenses of lack of personal jurisdiction and/or improper venue prior to the filing of the instant Motion. Nor has Jayanita explained why any facts supporting these defenses could not have reasonably been known to it when it filed its Answer or within the time frames contemplated by Rule 15(a)(1) of the Federal Rules of Civil Procedure. The undersigned therefore rejects Jayanita's asserted basis for avoiding waiver, without making any determination as to Jayanita's contacts with the forum or role in the underlying issues in dispute.

Finally, Jayanita argues that it merely seeks to preserve potential defenses inadvertently overlooked and/or based on "new" information and that the merits of such defenses can await motion practice, if necessary. However, in considering whether to permit amendment of affirmative defenses, the Court must consider if those defenses remain available. Here, the Court finds that the defenses of lack of personal jurisdiction and improper venue are no longer procedurally available and need not address whether Jayanita would have ultimately prevailed on the merits of such defenses.

Accordingly, Jayanita's assertion of personal jurisdiction and venue defenses here would be futile because such defenses cannot "possibly prevent recovery" where both

the Federal Rules of Civil Procedure and applicable case law reflect that Jayanita has procedurally waived those defenses. *Bello*, 2022 WL 17324441, at *7 (internal quotation marks and citation omitted).[2]

## IV. CONCLUSION

Therefore, having fully considered the parties' submissions, and for the reasons set forth herein and for good cause shown,

**IT IS** on this **19th** day of **October 2026** hereby

**ORDERED** that Jayanita's Motion for Leave to Amend its Answer is **GRANTED in part** to the extent it seeks to assert an affirmative defense of lack of subject matter jurisdiction and is **DENIED in part** to the extent it seeks to assert affirmative defenses of lack of personal jurisdiction and improper venue; and it is further

**ORDERED** that Jayanita shall file its Amended Answer consistent with this Memorandum Opinion and Order by no later than October 23, 2026; and it is further

**ORDERED** that the parties shall meet and confer and submit a joint proposed amended scheduling order by **November 2, 2026**. The Clerk of the Court shall

---

[2] The Court notes that BJ's argues that the parties have been prejudiced by Jayanita's counsel's cancellation of scheduled depositions. While such conduct is concerning, that is an issue to be raised by way of a discovery dispute pursuant to Local Civil Rule 37.1 and does not necessarily bear on the issue of undue prejudice in the context of a motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2).

administratively CLOSE this matter pending the entry of an amended scheduling order; and it is further

**ORDERED** the Clerk of the Court shall **TERMINATE** the Motions pending at Docket Entries Numbered 57 and 64.

**SO ORDERED.**

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**